IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LABONTE, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 1:24-CV-334 |
| ROBERT J. COLVILLE, et al, | ) |
|        Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff William Labonte initiated the present action over a year ago yet he has not taken the initial steps in this litigation. He commenced this action without paying the statutorily required filing fee and without submitting an application for leave to proceed in forma pauperis.

Filing fees for civil actions in this Court are mandated by federal statute. Pursuant to 28 U.S.C. § 1914(a), "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee...." 28 U.S.C. § 1914(a). Alternatively, 28 U.S.C. § 1915 provides a mechanism for a litigant to seek waiver of this prepayment requirement. The statute authorizes a court to permit the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [declaring] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Such an affidavit must also "state the nature of the action ... and [the] affiant's belief that the person is entitled to redress." *Id.* Every statute, even this one, promulgated by the Legislature is fortified with a strong presumption of constitutionality. *See Illinois v. Krull*, 480

U.S. 340, 351 (1987). Although Plaintiff baldly argues that statutory provisions regarding filing fees are unconstitutional, he has not made a credible argument in this regard.

AND NOW, this 13th day of January 2026;

IT IS HEREBY ORDERED that, by January 27, 2026, Plaintiff shall either (1) pay the full filing and administrative fees to the Clerk of Court or (2) file a signed motion for leave to proceed in forma pauperis accompanied by the required affidavit as specified in 28 U.S.C. § 1915(a).

IT IS FURTHER ORDERED that the failure to comply with this Order by the specified deadline will result in the administrative closure of this action or the dismissal of the action for failure to prosecute.

s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States District Judge